**Betty KEATHLEY, Movant,**

v.

**U. S. SHOE COMPANY and Workmen's Compensation Board of Kentucky, Respondents.**

Supreme Court of Kentucky.

July 3, 1979.

John David Preston, Perry & Preston, Paintsville, for movant.

Eugene C. Rice, Paintsville, for respondent U. S. Shoe Co.

CLAYTON, Justice.

Betty Keathley sustained a work-related back injury on September 11, 1975, while in the employ of the U. S. Shoe Company. The Workmen's Compensation Board found that Keathley sustained 100% occupational disability and awarded her KRS 342.740 maximum income benefits of $88.00 per week for the duration of her disability. The opinion and award of the Board was affirmed by the Floyd Circuit Court. The Court of Appeals held that there was insufficient evidence to support the Board's finding that Keathley's hourly wage was $4.76 and reversed that portion of the opinion, affirming in all other respects. We granted discretionary review.

Movant testified before the Board that at the time of her injury she was earning $4.76 per hour. Wages were based upon individual employe output, with a minimum base of $2.60 per hour. Movant also testified that she was earning above $4.00 per hour for over a year prior to her accident. No evidence relating to wages was introduced by the employer.

Workmen's compensation benefits for total disability are based upon a percentage of the claimant's average weekly wage. KRS 342.730(1)(a). The average weekly wage of a claimant whose wages are fixed by output is computed according to KRS 342.140(1)(d), which reads in relevant part:

> [T]he average weekly wage shall be the wage most favorable to the employe computed by dividing by thirteen (13) the wages (not including overtime or premium pay) of said employe earned in the employ of the employer in the first, second, third, or fourth period of thirteen (13) consecutive calendar weeks in the fifty-two (52) weeks immediately preceding the injury.

It is evident that the Board failed to use the KRS 342.140(1)(d) formula in making its finding that movant's hourly wage was $4.76. The error is harmless, however, in light of movant's testimony that she was earning in excess of $4.00 per hour for more than a year prior to her injury. Using an hourly wage of $4.00 as a minimum, her average weekly wage under KRS 342.140(1)(d) for any quarter of the year preceding the injury would be at least $160.00 ($4.00 per hour for 40 hours), in which case movant would still be entitled to the KRS 342.740 maximum award of $88.00 per week. Further findings of fact on movant's average weekly wage are therefore unnecessary.

That portion of the decision of the Court of Appeals dealing with movant's hourly wage is reversed. The decision is affirmed in all other respects. The judgment of the Floyd Circuit Court upholding the award of the Workmen's Compensation Board is affirmed.

All concur.